UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARK671 Doe,<br><br>                            Plaintiff,<br><br>         -v-<br><br>St. James, Does 1–5,<br><br>                            Defendants. | 2:23-cv-05148<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

      This case concerns an action brought under the New York Child Victims Act ("CVA")[1] against an organization affiliated with the Diocese of Rockville Centre (the "Diocese") and several unnamed individual agents, "Does 1–5."[2] Plaintiff's suit brings claims arising from the alleged sexual abuse of Plaintiff from ages eleven to fifteen by a cleric employed by Defendant St. James Roman Catholic Church ("Defendant St. James").[3] This action is one of approximately 220 CVA cases initially filed in state courts, which were subsequently removed to the United States District Court for the Eastern District of New York.[4] This case solely alleges state claims against St. James, not the Diocese itself, and Defendant St. James[5] does not claim that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[6] Rather, Defendant St. James asserts, as have

---

[1] N.Y. C.P.L.R. § 214-g.
[2] Def. St. James's Notice of Removal, Ex. 2, ECF No. 1-2 ¶¶ 3, 6–7 (Compl.).
[3] *Id.* ¶¶ 12, 16.
[4] *See* Notice of Removal, ECF No. 1; *In Re: Child Victims Act Cases Removed from State Court*, No. 23-CV-04741 (HG), 2023 WL 5287067, at *2 (E.D.N.Y. Aug. 17, 2023).
[5] Defendants "Does 1–5" have yet to be identified and served. Accordingly, the Court will refer only to Defendant St. James's arguments.
[6] *See* Notice of Removal, ECF No. 1 ¶¶ 8–9.

1

defendants in the other CVA cases removed to this District, that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334(b) because this action is "related to" the Diocese's pending bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York.[7] The Plaintiff in this case moved to remand this case back to state court.[8] On August 8, 2023, the Honorable Brian M. Cogan denied the Motion to Remand for failure to comply with the Court's Individual Practice Rules requiring submission of a letter requesting a conference prior to the filing of a motion, and *sua sponte* issued an order staying the case.

On October 11, 2023, this case was reassigned to this Court's docket. On November 17, 2023, the Court directed the parties to submit a joint letter indicating each party's position on whether this case should remain stayed or should be remanded to the New York state court in which it was originally filed in light of the numerous recent decisions in the District remanding actions of the same nature and posture.[9]

The parties filed a joint letter in response to this Court's Order.[10] Plaintiff continues to argue for remand of this matter to New York state court for the reasons set forth in its previous motion to remand, which was denied for procedural non-compliance with Judge Cogan's rules.[11] Namely, Plaintiff argues that the Court must abstain from exercising jurisdiction under 28 U.S.C.

---

[7] *See In re The Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345 (Bankr. S.D.N.Y.).
[8] Pl.'s Notice of Mot. to Remand, ECF No. 8.
[9] In the November 17, 2023 Order, this Court noted the following decisions remanding similar CVA actions to New York state court: *In re Child Victims Act Cases Removed From State Court*, No. 23-CV-4741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023); *In re Child Victims Act Cases Removed from State Court*, No. 23-CV-5029 (GRB), 2023 WL 5123396, at *3 (E.D.N.Y. Aug. 10, 2023).
[10] Dec. 1, 2023 Joint Ltr., ECF No. 10 at 1.
[11] *Id*. at 1–2; Pl.'s Mem. Supp. Mot. Remand, ECF No. 8-10

2

§ 1334(c)(2), because: (1) this removed action alleges only state claims, (2) the sole basis for jurisdiction in this action is that it is "related to" a bankruptcy case under 28 U.S.C. § 1334(b), and (3) this action can be timely adjudicated in state court.[12] In the alternative, Plaintiff argues that permissive abstention is appropriate in this case, under 28 U.S.C. § 1334(c)(1).[13] Defendant objects to remand, arguing that this case should be stayed for the same reasons offered by defendants in the more than 220 CVA cases that were removed from state court to this Court.[14] According to Defendants, remand is not necessary because a petition under 28 U.S.C. § 157(b)(5) is currently pending in the United States District Court for the Southern District of New York. If that petition is granted, this tort action as well as the other CVA state court cases would be transferred to the Southern District of New York to join the Diocese's related bankruptcy proceedings.[15] Defendants argue that it would be more judicially efficient for this Court to hold any decision on remand in this action in abeyance pending resolution of that Section 157(b)(5) Motion. Defendants further argue that Section 157(b)(5) explicitly carves out an exception to the mandatory abstention doctrine for this kind of case, and that the circumstances of this case and its parties do not weigh in favor of permissive abstention.[16]

For the reasons set forth below, the Court finds that it must abstain from exercising jurisdiction under 28 U.S.C. § 1334(c)(2). Even if the mandatory abstention statute did not apply, the Court finds that the doctrines of permissive abstention and equitable remand warrant remanding this case back to state court. *See* 28 U.S.C. §§ 1334(c)(1), 1452(b).

---

[12] Dec. 1, 2023 Joint Ltr. at 1.
[13] *Id*. at 1.
[14] *Id*. at 2–3.
[15] The Section 157(b)(5) motion is currently pending before the Honorable Lorna G. Schofield, No. 23-cv-5751 (LGS), ECF No. 1.
[16] Dec. 1, 2023 Joint Ltr. at 3–4.

**DISCUSSION**

The New York Legislature's enactment of the CVA and the subsequent filing of hundreds of New York state court civil suits challenging child sexual abuse is detailed in several decisions of this Court.[17] In 2019, the New York State Legislature enacted the CVA, which revived civil claims by adult survivors of alleged child sexual abuse that had been barred by statutes of limitation, and permitted people with such claims a period of two years within which they could file these otherwise time-barred actions. N.Y. C.P.L.R. § 214-g. Pursuant to the CVA, Plaintiff was among hundreds who filed lawsuits against affiliates of the Diocese and those affiliates' employees. The Diocese is not itself a defendant in the case before the Court or in the numerous other cases that have been removed to this District.[18]

Due to litigation expenses and potential liability arising from lawsuits commenced pursuant to the CVA, in October 2020, the Diocese filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York under Chapter 11 of the United States Bankruptcy Code.[19] Initially, on consent of the parties, the Bankruptcy Court enjoined proceedings in over 220 CVA lawsuits pending in state courts against Diocese affiliates.[20] In January 2023, the plaintiffs in these state court actions withdrew their support for further

---

[17] *See e.g.*, *In Re: Child Victims Act Cases*, 2023 WL 5287067, at *2; *In re Child Victims Act Cases Removed From State Ct.*, No. CV 23-5029 (GRB), 2023 WL 5123396, at *1 (E.D.N.Y. Aug. 10, 2023); *Pokalsky v. Par. of Saint Raphael*, No. 23-CV-4786, 2023 WL 6517296, at *1 (E.D.N.Y. Oct. 5, 2023).

[18] *See e.g.*, *In re Child Victims Act Cases*, 2023 WL 5123396, at *1; *In re Child Victims Act Cases*, 2023 WL 5287067, at *2.

[19] *In re Child Victims Act Cases*, 2023 WL 5287067, at *2.

[20] *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 622, 629 (Bankr. S.D.N.Y. 2023).

4

extensions of the preliminary injunction.[21] In June 2023, following a bench trial, the Bankruptcy Court issued an order terminating the stay of these state court CVA actions.[22] Immediately following the termination of this stay, defendants to these state court CVA actions joined the Diocese in filing a joint petition under 28 U.S.C. § 157(b)(5) in the United States District Court for the Southern District of New York to transfer the cases to the Southern District of New York in light of the bankruptcy proceedings in that District. Simultaneously, the state court defendants, including Defendant St. James in this case, removed the CVA cases to the U.S. District Court for the Eastern District of New York.

Defendants removed these state court CVA cases solely on the basis that this Court has jurisdiction over the actions because they are "related to" the Diocese's bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b). Plaintiff in the present case advocates for remand, asserting that the Court must abstain from exercising that jurisdiction under 28 U.S.C. § 1334(c)(2).[23] Plaintiff argues in the alternative that the Court should abstain from exercising jurisdiction under the doctrines of permissive abstention set forth in 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 11452(b).[24] Defendant St. James objects, arguing that remand is not necessary or appropriate and that the Court should hold any remand request in abeyance in light of the pending Section 157(b)(5) motion in the Southern District of New York.[25]

---

[21] The plaintiffs in these state actions withdrew their support via a statement by the Official Committee of Unsecured Creditors, which is a committee of seven creditors appointed in a Chapter 11 bankruptcy case to advocate for the interests of creditors with claims similar to the committee members' claims. 11 U.S.C.A. § 1102–1103; *The Roman Cath. Diocese of Rockville Ctr., New York v. ARK 320 DOE, et al.*, No. 20-ap-01226 (MG), Doc. 166 (Bankr. S.D.N.Y. January 14, 2023).
[22] *See In re Roman Cath. Diocese of Rockville Ctr.*, 651 B.R. at 628.
[23] Pl.'s Mem. Supp. Mot. Remand, ECF No. 8-1; Dec. 1, 2023 Joint Ltr., ECF No. 10 at 1.
[24] *Id.*
[25] *Id.* at 2–4.

As this case is one of the more than 220 CVA cases filed against defendants affiliated with the Diocese in state court and subsequently removed to this District, the Court writes with the benefit of numerous decisions remanding to state court more than a hundred actions similar to the one at issue here.[26] The Court incorporates by reference the Honorable Hector Gonzalez's comprehensive and well-reasoned opinion remanding ten CVA cases in which the parties advanced the same arguments as they do in the case before this Court. *See In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023). For the reasons set forth in Judge Gonzalez's opinion, the Court finds that it does have "related to" jurisdiction over Plaintiff's claims, but that the doctrine of mandatory abstention requires the remand of this case. *Id.* at *5–8. Further, the Court adopts Judge Gonzalez's conclusion that even if mandatory abstention did not apply, it would be appropriate for the Court to remand the instant action under the doctrines of permissive and equitable abstention. *Id.* at *8.

As to Defendant St. James's alternative request for a stay or abeyance of the remand request, the Court does not find it appropriate to continue the stay of this case pending the resolution of the Section 157(b)(5) Motion. The Court agrees with the reasoning and conclusion

---

[26] *See, e.g., In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4717 (OM), 2023 WL 7412276 (E.D.N.Y. Nov. 9, 2023); *In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4787 (KAM), 2023 WL 7283793 (E.D.N.Y. Nov. 3, 2023); *In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-04791 (NGG), 2023 WL 6050276 (E.D.N.Y. Sept. 15, 2023); *Pokalsky*, 2023 WL 6517296 (E.D.N.Y. Oct. 5, 2023); *In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4761 (AMD), 2023 WL 5718006 (E.D.N.Y. Sept. 5, 2023); *In re: Child Victims Act Cases Removed from State Court*, No. 23-CV-4782 (DJ), ECF No. 13; *In re Child Victim Act Cases Removed From State Court*, No. 23-CV-4723 (PKC), 2023 WL 5587623 (E.D.N.Y. Aug. 29, 2023); *In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4991 (ARR), 2023 WL 5436138 (E.D.N.Y. Aug. 23, 2023); *In re Additional Child Victims Act Cases Removed From State Court*, No. 23-CV-04580 (JMA), 2023 WL 5287219 (E.D.N.Y. Aug. 17, 2023); *In Re: Child Victims Act Cases*, 2023 WL 5287067; *In re Child Victims Act Cases*, 2023 WL 5123396.

of the Honorable Pamela Chen that a stay is not more "judicially efficient" than remand in these circumstances and that the significant delays Plaintiff has already endured compels the Court to remand to permit litigation in this action to go forward. *See In re Child Victim Act Cases*, 2023 WL 5587623, at *2.

Therefore, because the Court must abstain from exercising jurisdiction in this case, this case is hereby remanded to the Nassau County Supreme Court from which it was removed. The Clerk of Court is respectfully directed to close this case and to mail a copy of this order to the New York State Supreme Court in Nassau County.

Dated: Central Islip, New York

December 11, 2023

               _____/s Nusrat J. Choudhury_____
               NUSRAT J. CHOUDHURY
               United States District Judge